UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                      Plaintiff,

                                                                         <u>DECISION AND ORDER</u>

                                                                          04-CR-6129L

                  v.

DERRICK MADDOX,

                      Defendant.
_____

      This Court referred all pretrial matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).  The defendant, Derrick Maddox ("Maddox"), filed several motions. Magistrate Judge Payson resolved most of the motions either by agreement of the parties or in open court.

      Magistrate Judge Payson issued a Report and Recommendation on April 15, 2005, concerning one of those motions, Maddox's motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  Magistrate Judge Payson in a thorough Report and Recommendation, recommended that this Court deny Maddox's motion for such a hearing.  Through counsel, Maddox has timely filed an objection to Magistrate Judge Payson's Report and Recommendation.  Maddox himself filed two letters, *pro se,* dated May 6 and May 7, 2005, relating, to some degree, to this issue.

The facts relating to this issue are set forth with precision in Magistrate Judge Payson's Report and Recommendation. On August 8, 2004, Monroe County Court Judge Patricia D. Marks issued a search warrant for the upstairs apartment at 344 Portland Avenue, Rochester, New York occupied by Maddox. Investigator Ronald Reinstein of the Rochester Police Department submitted an affidavit in support of the warrant. Reinstein's affidavit reported that the Rochester Police Department had received a report of the rape of a young girl at the 344 Portland Avenue address. In his affidavit, Reinstein reported the information gathered, and attached a supporting deposition from the 9-year old victim (identified as "L.R.") as well as a supporting deposition from L.R.'s mother, Michelle Spirles. Magistrate Judge Payson sets forth a summary of the material contained in those documents, and they clearly demonstrate a basis to believe that a serious sexual abuse crime occurred and that Maddox had possessed a firearm.

Maddox claims that a *Franks* hearing is required because Reinstein either intentionally omitted evidence when applying for the search warrant or that he recklessly disregarded the truth.

I agree with Magistrate Judge Payson's recommendation that, on the record here, no *Franks* hearing is required. Maddox suggests that Reinstein's failure to present the 9-year old witness before Judge Marks was tantamount to providing false information. I disagree. Judge Marks was clearly apprised that the victim was a young, 9-year old female and Judge Marks certainly could have required production had she deemed it appropriate to do so. There was no misleading by Reinstein.

Maddox also contends that Reinstein should have investigated the case more thoroughly. Maddox claims now that the proof would show that he has an alibi for the time that the victim claimed she was assaulted. That fact does not warrant a *Franks* hearing. The affidavits submitted

with Reinstein's affidavit clearly support Judge Marks's decision to issue the search warrant. There is no evidence other than Maddox's bare conclusory statements that Reinstein falsified evidence or recklessly proceeded to obtain the search warrant. I agree with Magistrate Judge Payson's summary of the facts and her conclusions concerning the applicable law, and I find that no *Franks* hearing was warranted under these circumstances.

## CONCLUSION

I adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson, which recommended the denial of defendant's motion for a hearing under authority of *Franks v. Delaware*, 438 U.S. 154 (1978). Defendant's motion for such a hearing is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 23, 2005.